IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Courtney L. Brockington, | ) | C/A No. 4:20-cv-3463-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Charles Davis Barr and | ) | |
| Barr and Barr Law Firm, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On September 30, 2020, Plaintiff Courtney L. Brockington filed a pro se complaint pursuant to 28 U.S.C. § 1915. She asserts the court has subject matter jurisdiction under 28 U.S.C. § 1331 and cites the Equal Pay Act of 1963, 29 U.S.C. § 206(d). ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation ("Report").

On November 5, 2020, the Magistrate Judge issued a Report recommending summary dismissal of the complaint without prejudice for lack of subject matter jurisdiction. ECF No. 10. The Report characterized the complaint as asserting a dispute between Plaintiff and attorneys she hired in June 2013 to represent her in a legal action arising out of a motor vehicle accident. *Id.* at 1. Plaintiff ultimately fired those attorneys. She now brings this action against them, alleging they were negligent in their representation of her and that she therefore does not owe them legal fees. *Id.* She additionally seeks damages in the amount of $70,000, associated with physical and emotional distress.

In her Report, the Magistrate Judge explained that federal courts are tribunals of limited jurisdiction and are obligated to determine their basis for jurisdiction, even if no party raises the issue. The Magistrate Judge found that Plaintiff's allegations do not suggest that the case arises under the United States Constitution or its laws or treaties and therefore do not implicate federal question jurisdiction.[1]  The Magistrate Judge further found that Plaintiff "indicates that all of the parties are citizens of South Carolina," and therefore diversity jurisdiction does not exist. ECF No. 10 at 3-4.

Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Plaintiff of her right to file an objection to the Report. ECF No. 10 at 6.  Due to an inadvertent error, a copy of the Report was mailed to the wrong address and was returned to the court on February 4, 2021.  ECF Nos. 12, 13.  The court thereafter extended the deadline for Plaintiff to file objections to the Report and the Clerk's Office mailed a copy of the Report to the correct address.  ECF No. 13.  Plaintiff submitted her objections on February 22, 2021.  This matter is now before the court for review of the Magistrate Judge's Report.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir.

---

[1] Although Plaintiff cites the Equal Pay Act in her complaint, that statutory scheme prohibits wage discrimination by employers based solely on sex and therefore does not appear relevant to the allegations Plaintiff asserts.

1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff filed a timely objection; however, she asserts only that "[t]his is a federal question case with a subject matter jurisdiction and should be heard because it has a subject matter jurisdiction for federal courts." ECF No. 17 at 3. This objection is general and conclusory in nature and does not provide a basis on which the court may find that federal subject matter jurisdiction exists. *See* ECF No. 17.

The court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation. The Report, ECF No. 10, is incorporated herein by reference. The complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

March 17, 2021
Charleston, South Carolina